IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| American Select Insurance Co, | Case No. 3:24-cv-01156 |
| Plaintiff, | Judge James G. Carr |
| v. | **ORDER** |
| Dawn Rumler, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Complaint for Interpleader (Doc. 1). Plaintiff asserts this Court has original jurisdiction under the Federal Interpleader Act, 28 U.S.C. § 1335, because the amount in controversy exceeds $500, and diversity exists amongst the adverse claimants.

In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the funds. The stakeholder deposits the money with the court, and those who claim entitlement to the funds proceed with the litigation, while the stakeholder is dismissed. See, *e.g., Am. Heritage Life Ins. Co. v. Baker,* No. 3:18-CV-02178, 2019 WL 6341636 (N.D. Ohio Nov. 27, 2019), (Helmick, J.).

According to the Complaint, Plaintiff (Stakeholder) is an insurance company organized and existing under the laws of Ohio, with its principal place of business in Westfield Center, Ohio. Defendant, Dawn Rumler (Homeowner), is an individual residing in Murfreesboro, Tennessee. Defendant, Lakeview Loan Servicing, LLC ( Lender), is a Delaware company whose sole member, Bayview MSR Opportunity Corp., maintains a principal place of business in Coral Gables, Florida. Defendant, LoanCare, LLC (Loan Servicer), is a Virginia limited liability

1

company, with a single member, ServiceLink NLS, LLC, a Delaware-formed entity. Finally, Defendant, SMB Construction Co., Inc. (Contractor), is an Ohio corporation with its principal place of business in the Northern District of Ohio, Western Division (Toledo).

According to the Complaint, the Stakeholder issued an insurance policy to cover the Homeowner's dwelling in Monroe Michigan. The Lender assumed the mortgage from Nations Lending Corp. (not a party to the suit) and became an insured under the policy. The dwelling sustained fire damage. The Homeowner filed a claim under the policy and hired the Contractor to remove and store her contents and to perform necessary repairs to the dwelling. The Contractor is claiming $67,994.33 for unpaid work performed. The Stakeholder issued a first check and then a second replacement check in the amount of $80,032.16 (the *res*) because the first check was negotiated by the Homeowner and paid by the bank without all required endorsements. Neither check has been cashed. (Doc. 1, pgID 3-4).

On August 28, 2024, the Court granted Plaintiff's Motion for Leave to Deposit Interpleader Funds. (Doc. 10). Plaintiff, on September 16, 2024, deposited the *res* ($80,032.16) into an interest-bearing Government Account Series via the Court Registry Investment System, which is administered by the Administrative Office of the U.S. Courts.

The Lender/Loan Servicer filed their Answer to Plaintiff's Complaint on September 12, 2024, agreeing to facts supporting jurisdiction. (Doc. 11). Similarly, the Contractor filed its Answer on September 27, 2024, admitting to jurisdictional facts. (Doc. 12).

The Homeowner failed to respond, so Plaintiff filed an Application to the Clerk for an Entry of Default against her. (Doc. 13). Default was entered on October 10, 2024. (Doc. 14). As Plaintiff noted, Rumler waived service of the Summons in this action, but was served on July 30, 2024. (Doc. 7, PgID 201). Plaintiff then filed a Motion for Default Judgment, pursuant to Fed. R.

Civ. P. 55(b)(2), seeking a finding that she has forfeited any right to the insurance proceeds. (Doc. 15).

During the case management/initial status conference held on November 12, 2024, Plaintiff made an oral motion in support of its Complaint for Interpleader. The parties are on notice and had an opportunity to respond. No party has objected to this Court's jurisdiction over the Complaint.

Consequently, I find the requirements for a statutory interpleader action have been met. The Court has jurisdiction as two or more of the parties have diversity of jurisdiction, and the amount in controversy far exceeds $500.00. See 18 U.S.C. § 1335.

Furthermore, the claims to the subject matter of this action, the *res,* are derived from a common claim and from a common source – insurance proceeds to be paid under a homeowner's policy for fire damage to a dwelling in Monroe Michigan. There are adverse parties with competing interests making claim to the funds. Plaintiff claims no interest in the *res* and asserts no independent liability to any Defendant. See, *United States v. High Tech. Prod., Inc.*, 497 F.3d 637, 642 (6th Cir. 2007).

Having determined interpleader is proper and the Stakeholder has properly deposited the *re*s with the Court, it is hereby ORDERED that:

1. Plaintiff's Complaint and oral motion for Interpleader is **GRANTED.**

2. Plaintiff is hereby **DISMISSED** and released from any further liability in connection with the *res.*

3. Plaintiff's Motion for Default Judgment as to Defendant Rumler (Doc. 15) is **GRANTED**. Defendant Rumler has forfeited any claim to the proceeds*,* will have no further argument

3

about the subject matter of this interpleader action, and is enjoined from instituting any action against the parties related to the *res*.

4. The remaining parties (all adverse claimants) are required to interplead their claims and are hereby enjoined from filing or prosecuting any other proceeding relating to the *res*.

5. The parties Rule 26 disclosures are due on or before **November 26, 2024.**

6. The court sets **December 12, 2024,** as the deadline for adding parties and amending the pleadings.

7. The parties will undertake, in good faith, attempts to negotiate resolution of their claims to the *res* and will submit a status report (whether jointly or each individually) to the Court on or before **December 31, 2024,** advising the Court whether settlement discussions have resolved the case.

8. If the parties are unable to settle, the Court will hold a further Status Conference on **February 18, 2025 at 10:00 a.m**. by video (Zoom). Each party shall submit a status report to the Court on or before **February 7, 2025**, outlining the procedural posture of the case; what deadlines are needed; and what further action is needed for resolution of the case.

SO ORDERED.
**Date: 11/14/2024**

/s/ James G. Carr
Sr. U.S. District Judge